United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff/Respondent, § | | |
| § | **CRIMINAL NO. 6:12-43** | |
| v. § | **CRIMINAL NO. 6:13-102** | |
| § | | |
| **GLORIA MARIA NWOSU,** § | **(CIVIL NO.   6:15-36)** | |
| Defendant/Movant. § | | |

# MEMORANDUM OPINION & ORDER

On June 1, 2015, the Clerk received Movant Gloria Maria Nwosu's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which she filed in both of her criminal cases before the Court. 2012 D.E. 60, 2013 D.E. 29.[1] The Government filed a motion for summary judgment seeking to enforce Movant's waiver of her right to file the present motion. 2012 D.E. 75, 2013 D.E. 40. Movant did not respond.

## I. BACKGROUND

In June 2012, Movant was arrested after she was stopped by law enforcement with four undocumented aliens in her car. Movant admitted she was transporting the aliens to Houston and that she had been transporting aliens for the past six weeks. In July 2012, Movant was indicted for conspiracy to transport (Count One) and transportation of unlawful aliens (Count Two) in Case No. 6:12-cr-43. In October 2013, while Movant was out on bond, she was again arrested for alien smuggling. Four aliens absconded as Movant was being pulled over by law enforcement, and she admitted there was another alien in the trunk of her car. Based on this second arrest, Movant was indicted in November 2013 for conspiracy to transport unlawful aliens in Case No. 6:13-cr-102.

---

1. "2012 D.E." refers to the docket entry in 6:12-cr-43. "2013 D.E." refers to 6:13-cr-102.

On February 3, 2014, Movant pled guilty to Count One of both indictments with an identical written plea agreement in each case. 2012 D.E. 42, 2013 D.E. 15. In exchange for her guilty plea, the Government agreed to recommend that Movant receive maximum credit for acceptance of responsibility and recommend a sentence within the applicable guideline range. As part of the plea agreement, Movant waived her right to appeal her sentence or to file a motion under 28 U.S.C. § 2255. *Id.* ¶ 7.[2]

At rearraignment, Movant affirmed under oath that she understood the nature of the charge, the penalty range for the offense, her right to plead not guilty and proceed to trial, and the waiver of her right to appeal or collaterally attack her sentence contained in her written plea agreement. 2012 D.E. 68, 2013 D.E. 33, 2/13/2014 Hrg. Tr. at 5:10–6:8, 7:23–8:25, 9:15–10:13, 13:12–14:15. She testified that she had discussed the case with counsel, including the written plea agreement; that she had initialed every paragraph of the plea agreement at counsel's direction indicating that she understood its terms; and that she was satisfied with counsel's representation. Tr. at 5:3-9, 6:9–7:6, 10:16–12:21. She further testified that she was not threatened or forced to plead guilty and was not promised leniency in exchange for her guilty plea. Tr. at 6:16–7:20. The Court accepted Movant's guilty plea after being satisfied that she was competent to enter a plea; there was a factual basis for the guilty plea; she understood her right to

---

2. The waiver provision read:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. §3742(b). **Additionally, the defendant is aware that 28 U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.**

*Id.* (emphasis added).

a jury trial, the maximum possible punishment, and the sentencing guidelines; and she was voluntarily and knowingly pleading guilty. Tr. at 18:22–19:5.

The Presentence Investigation Report (PSR) (2012 D.E. 48, 2013 D.E. 19) assigned Movant a base offense level of 19 after enhancements for transporting more than 6 but fewer than 24 aliens (three-level enhancement), having a prior conviction for a felony immigration offense (two-level enhancement), and transporting an alien in the trunk of her car, creating a substantial risk of death or serious bodily injury (two-level enhancement). Movant's base offense level was increased by another three levels for committing the 2013 offense while she was released on bond. The resulting advisory guideline range for Level 22, Criminal History Category I, was 41 to 51 months. Movant filed written objections to the PSR, disputing the enhancement for transporting an alien in the back of a hatchback in the 2013 case and disputing the factual accuracy of an arrest in 1998.

Sentencing was held on June 3, 2014. At the sentencing hearing, both parties agreed the enhancement for endangerment was appropriate, and defense counsel dropped his objection to the PSR. After acceptance of responsibility, the resulting advisory guideline range was 30 to 37 months. The Court sentenced Movant to 30 months for the 2012 case and 33 months for the 2013 case, to run concurrently, with a three-year term of supervised release to follow. Judgment was entered that same day.

Movant's conviction became final on June 25, 2015, the last day on which she could have filed a notice of appeal. Movant did not appeal, but filed the currently pending motion pursuant to 28 U.S.C. § 2255. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant alleges trial counsel was ineffective for: (1) failing to object when her base offense level was increased by three levels for transporting more than 6 but fewer than 24 aliens,

and (2) failing to object when her base offense level was increased by two levels for transporting an alien in the trunk of her vehicle.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Effect of Waiver

Movant claims that trial counsel was ineffective at sentencing for failing to object to two enhancements. "As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *Wilkes*, 20 F.3d. at 343. If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced. *Id*. at 343–44.

As set forth *supra*, the Government summarized the plea agreement at rearraignment, including the waiver of Movant's right to file a § 2255 motion. Movant testified at that she read and discussed her plea agreement with counsel before she signed it and that she understood it.

The Court questioned her regarding her waiver of the right to collaterally attack her sentence under § 2255. She testified that she was aware of the waiver, had discussed the waiver with counsel, and understood it.

The burden to demonstrate that her plea and waiver should not be enforced is on Movant. Her sworn statements in open court that she understood the plea agreement and the waiver are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986). Movant's plea agreement and her sworn statements preclude the relief she seeks here. The evidence before the Court supports the finding that Movant's guilty plea, including the waiver, was knowing and voluntary. The waiver is enforceable and bars her claims.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (2012 D.E. 75, 2013 D.E. 40) is **GRANTED**, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (2012 D.E. 60, 2013 D.E. 29) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 13th day of July, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE